UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DeANDREA SHAWN FREEMAN,

    Petitioner,    Case No. 1:08-cv-549

v.    Honorable Paul L. Maloney

LLOYD RAPELJE,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I recommend that the petition be dismissed because it is barred by the one-year statute of limitations. I further recommend that the Court deny Petitioner's motion for a stay of the proceedings (docket #6).

**Discussion**

I.   Factual Allegations

Petitioner is incarcerated in the Saginaw Correctional Facility. He pleaded guilty in the Barry County Circuit Court to one count of fourth-degree criminal sexual conduct (CSC), as a fourth habitual offender, and to one count of prison escape. On December 5, 2003, the trial court sentenced him to imprisonment of 10-to-15 years for the CSC conviction and 2-to-7 years for the prison escape conviction. The Michigan Court of Appeals and the Michigan Supreme Court denied his applications for leave to appeal on November 1, 2005, and April 27, 2006, respectively.

On December 14, 2005, Petitioner filed a motion for relief from judgment in the Barry County Circuit Court. The trial court denied his motion on December 21, 2005. The Michigan Court of Appeals denied Petitioner's application for leave to appeal on August 2, 2006, because he failed to meet the burden of establishing entitlement to relief under MICH. CT. R. 6.508(D). On December 28, 2006, the Michigan Supreme Court denied Petitioner's application for leave to appeal on the same ground.

Petitioner subsequently filed a motion for a new trial in the state circuit court on January 24, 2007. The court denied his motion on July 16, 2007. Petitioner did not appeal the decision. Petitioner now brings four grounds for habeas corpus relief concerning his guilty plea and sentence.

II.   Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment

of the AEDPA, there was no defined period of limitation for habeas actions.[1]  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  *See Dodd v. United States*, 545 U.S. 353, 357 (2005).  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court.  The Michigan Supreme Court denied his application on April 27, 2006.  Petitioner did not petition for *certiorari* to the United States Supreme Court.  The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-84 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on July 26, 2006.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). In this case, the statute of limitations was tolled by Petitioner's motion for relief from judgment filed on December 14, 2005. Because Petitioner's motion for relief from judgment was pending on July 26, 2006, the statute of limitations was tolled and did not begin to run until the Michigan Supreme Court denied Petitioner's application for leave to appeal on December 28, 2006. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (a motion for post-conviction relief is considered "pending" during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court on collateral review). Because the tolling provision applies to "State," not federal proceedings, the statute is not tolled during the time that a Petitioner petitions for writ of *certoriari* in the United Stated Supreme Court to review post-conviction proceedings. *Lawrence*, 127 S. Ct. at 1083-84. Consequently, the one-year statute of limitations began to run on December 29, 2006.

Petitioner also filed a motion for new trial in the Barry County Circuit Court, but it does not toll the statute of limitations because it was not "properly filed." An application is ""*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). Pursuant to

MICH. CT. R. 2.611(B), a motion for a new trial must be filed and served within twenty-one days after entry of judgment. In this case, the judgment of sentence was entered on December 5, 2003. Petitioner filed his motion for a new trial on January 24, 2007, more than three years after judgment was entered in his case. Because Petitioner's motion was filed in violation of state law, it does not serve to toll the limitations period. *Cf. Young v. Mohr*, No. 99-3015, 1999 WL 1253097, at *1 (6th Cir. Dec. 17, 1999) (untimely post-conviction petition or appeal is not considered "properly filed" in terms of §2244(d)(2)); *Nooks v. Collins*, No. 98-3243, 1999 WL 98355, at *1 (6th Cir. Jan. 29, 1999) (for purposes of §2244(d)(2), time should be tolled for any action permitted by state law).

Petitioner had one year from December 29, 2006, to file his habeas application. Petitioner filed on or about June 10, 2008, more than five months after the statute of limitations expired.[2] Thus, his application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009. A petitioner seeking equitable tolling of the habeas statute of limitations has

---

[2]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on June 10, 2008, and it was received by the Court on June 11, 2008. Thus, it must have been handed to prison officials for mailing at some time between June 10 and 11. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner did not include any discussion in his petition regarding his delay in filing his habeas petition, but he provides an affidavit from George Warren, a retired attorney who practiced law until March 25, 2008. (Warren Aff., docket #1-4.) Mr. Warren avers that he never represented or rendered legal services to Petitioner. However, Petitioner and Warren have been corresponding for years and Warren agreed to review documents relating to Petitioner's conviction. Warren received Petitioner's original court documents in September 2007. Warren avers that due to serious health problems, he was unable to review Petitioner's documents and provide him with feedback until after he left his law practice in 2008. While Warren reiterates that Petitioner was not his client and did not pay any fees associated with Warren's review of his case, Warren "would hate to think that any delay in reading and commenting on petitioner's [sic] Freeman's underlying state documents would cause him to lose his petition due to some form of delay prohibited by the statute or by the Court Rules." (Warren Aff., ¶ 10.)

Mr. Warren's affidavit is not a sufficient basis for invoking equitable tolling. Petitioner chose at his own peril to wait for Mr. Warren to review his Court documents and provide him with legal advice before filing his habeas petition. Because the delay was the result of Petitioner's own decision-making, I cannot find "that some extraordinary circumstance stood in his way." *Lawrence*, 127 S. Ct. at 1085. The fact that Petitioner is untrained in the law or may have been unaware of the statute of limitations does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197

F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Moreover, an attorney's mistake or lack of due diligence, which results in missing the filing deadline imposed by the AEDPA, is not a basis for equitable tolling.[3]  *See Jurado v. Burt,* 337 F.3d 638, 644 (6th Cir. 2003); *Elliot v. DeWitt*, No. 00-3329, 2001 WL 523527, at *1 (6th Cir. May 8, 2001) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)); *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2nd Cir. 2001) (collecting cases)*; Kreutzer v. Bowersox*, 231 F.3d 460 (8th Cir. 2000); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999)).  *See also  Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds.  *See Day,* 547 U.S. at 210.  This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### III.    Motion to Stay the Proceedings

Petitioner moves for a stay of the proceedings so that he can pursue unexhausted claims in the state courts (docket #6).  Because the petition is time-barred, I recommend that Petitioner's motion be denied as moot.

---

[3] This Court is not making a determination with regard to whether Mr. Warren was practicing law when he advised Petitioner on his criminal case.  Mr. Warren's delay in reviewing Petitioner's case is not a basis for equitable tolling regardless of whether he was acting as an attorney or a lay person.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that the Court deny Petitioner's motion for a stay of the proceedings (docket #6) and deny a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: August 27, 2008            /s/  Joseph G. Scoville
                                  United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).