UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DeANDREA SHAWN FREEMAN,
         Petitioner,

                                                      No. 1:08-cv-549

-v-

                                                      HONORABLE PAUL L. MALONEY
                                                      HONORABLE JOSEPH G. SCOVILLE

LLOYD RAPELJE,
         Respondent.

ORDER ACCEPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

This matter comes before the Court on a Report and Recommendation (Dkt. No. 7) and Petitioner Freeman's objections (Dkt. Nos. 8 and 9). Petitioner Freeman filed his petition for writ of habeas corpus on June 10, 2008. Petitioner also requested a stay (Dkt. No. 6) of the proceedings in order to exhaust an issue in state court. Magistrate Judge Joseph Scoville recommends dismissing the petition as time barred by the one-year statute of limitations and denying the stay. Petitioner initially objected on three grounds: (1) tolling, (2) lack of jurisdiction and (3) due diligence. (Dkt. No. 8.) Petitioner filed a supplemental objection challenging the factual allegations in the Report and Recommendation. (Dkt. No. 9.) The supplemental objection is essentially Petitioner's allegation in his writ for habeas corpus.

STANDARD OF REVIEW

After being served with a Report and Recommendation issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled

to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).  The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

ANALYSIS

For the reasons outlined below, Petitioner's objections are OVERRULED.  Petitioner first argues his motion for a new trial was not improperly filed and therefore did toll the time to file his writ in federal court under 28 U.S.C. § 2244(d)(2).  Petitioner alleges the trial court accepted the motion for a new trial as a motion for relief from judgment.  Petitioner concedes the motion was denied as successive. (Objection at 1.)  Accordingly, Petitioner's second and successive motion for relief from judgment was not "properly filed" as that phrase has been interpreted by the Supreme Court.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) and *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  *See also Smith v. Berghuis*, No. 1:07-cv-1179, 2008 WL 724166 (W.D. Mich. Mar. 17, 2008) (Jonker, J.) (approving a report and recommendation over objections); *Tello v. Harry*, No. 1:06-cv-821, 2008 WL 408400 (W.D. Mich. Feb. 12, 2008) (Enslen, J.) (opinion granting summary judgment for the respondent and dismissing the petitioner's habeas corpus petition as being time

2

barred); *King v. McKee*, No. 1:06-cv-911, 2007 WL 3451165 (W.D. Mich. Nov. 15, 2007) (Jonker, J.) (approving a report and recommendation over objections where the report and recommendation explained why a successive 6.500 motion was not properly filed under *Artuz* and *Pace* and therefore did not toll the period of limitations).

Petitioner's second argument, that the state court lacked jurisdiction, goes to the merits of his habeas petition. The Court cannot consider the argument as the petition was not timely filed. Petitioner's supplemental objection fails for the same reason.

Petitioner's third argument, due diligence, arguably forms a basis for equitable tolling. Petitioner fails to object to the principles of law outlined by the Magistrate Judge or undermines the Magistrate Judge's analysis of whether Petitioner's claim should be equitably tolled.

Accordingly, the Report and Recommendation (Dkt. No. 7) of the Magistrate Judge is **APPROVED AND ACCEPTED OVER OBJECTIONS. IT IS SO ORDERED.**

**IT IS FURTHER ORDERED,** Petitioner's 28 U.S.C. § 2254 petition (Dkt. No. 1) for habeas relief is **DENIED** and a certificate of appealability is also **DENIED.** Petitioner's motion for stay is **DENIED AS MOOT.**

Date:   October 14, 2008                              /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     Chief, United States District Judge

3